UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

DAVID ARKORFUL,

                Plaintiff,

   -against-                                     **SCHEDULING ORDER**
                                                                       **CV-18-3455 (NG)**

NEW YORK CITY DEPARTMENT OF EDUCATION,

                Defendant.
-----------------------------------------------------------------------X

**All cases have been assigned to the Court's Electronic Case Filing Program. The parties shall file all future submissions electronically and will ONLY receive correspondence from the Court electronically. It is the responsibility of the parties to confirm that their contact information and e-mail addresses are correct at the time of filing the complaint or answer, as well as regularly monitor the status of their cases in order to avoid missing court appearances or deadlines set by the Court.**

      An initial conference will be held in this case at **12:00 p.m.** on **October 4, 2018** before United States Magistrate Judge Steven L. Tiscione, at 225 Cadman Plaza East, Brooklyn, New York. Parties should proceed directly to Hearing Room N504, in the North Wing, upon arrival. *<u>Counsel for all parties must be present</u>*.

      **Plaintiff's counsel is requested to confirm with defendants' counsel that all necessary participants are aware of this conference.** In the event an answer has not yet been filed at the time this Order is received, plaintiff's counsel is to notify counsel for the defendant of this conference as soon as an answer is filed. Plaintiff's counsel is to notify the undersigned, **in writing**, at least two days before the scheduled conference if an answer still has not been filed. **Requests for adjournments will not be considered unless made in accordance with Chambers Individual Practices.**

      **PRIOR TO THE CONFERENCE, THE PARTIES ARE TO COMPLY WITH THE REQUIREMENTS OF RULE 26(f) OF THE FED.R.CIV.P.** The parties shall confer at least five business days before the initial conference to discuss the matters specified in Fed.R.Civ.P. 26(f) and 16(b); counsel shall also discuss (1) the scope of any anticipated electronic discovery, the preservation of electronically stored data, and the cost of locating, maintaining and producing that data, and (2) whether

any party will rely upon expert testimony, and if so, whether counsel are able to reach an agreement on how material exchanged between counsel and any expert witness will be treated, and in particular whether draft expert reports and written and electronic communications between expert witnesses and counsel will be retained.

The parties are directed to prepare a proposed discovery plan.  To assist in this process, the Court has included in this Order a "Discovery Plan Worksheet" that must be completed and submitted to the Court via ECF, at least two days prior to the conference.  The Worksheet sets forth a date for completion of all discovery.  The parties are directed to establish reasonable interim discovery deadlines to meet the needs of their case.  At the conference, the Court will consider the parties' suggested deadlines and, upon consideration of the rules and practices of the assigned District Judge, enter an appropriate scheduling order.  The parties should discuss their discovery needs thoroughly in advance of the conference so that the Court can order a realistic schedule.  Once a scheduling order has been entered with the parties' input, <u>discovery deadlines will be enforced and amendments to the schedule will be considered only for good cause.</u>

Finally, the parties should also review the attached information sheet regarding the Court's **Alternative Dispute Resolution Program**.

     **SO ORDERED.**

Dated: Brooklyn, New York
      August 16, 2018

                                      s/
                                  **STEVEN L. TISCIONE**
                                  **UNITED STATES MAGISTRATE JUDGE**

| DISCOVERY PLAN WORKSHEET | |
|---|---|
| **Phase I (Pre-Settlement Discovery)** | |
| **Deadline for completion of Rule 26(a) initial disclosures and HIPAA-complaint records authorizations:** | |
| **Completion date for Phase I Discovery as agreed upon by the parties:** *(Reciprocal and agreed upon document production and other discovery necessary for a reasoned consideration of settlement. Presumptively 60 days after Initial Conference.)* | |
| **Date for initial settlement conference:** *(Parties should propose a date approximately 10-15 days after the completion of Phase I Discovery, subject to the Court's availability)* | |
| **Phase II (Discovery and Motion Practice)** | |
| **Motion to join new parties or amend the pleadings:** *(Presumptively 15 days post initial settlement conference)* | |
| **First requests for production of documents and for interrogatories due by:** *(Presumptively 15 days post joining/amending)* | |
| **All fact discovery completed by:** *(Presumptively 3.5 months post first requests for documents/interrogatories)* | |
| **Exchange of expert reports completed by:** *(Presumptively 30 days post fact discovery)* | |
| **Expert depositions completed by:** *(Presumptively 30 days post expert reports)* | |
| **COMPLETION OF ALL DISCOVERY BY:** *(Presumptively 9 months after Initial Conference)* | **JULY 4, 2019** |
| **Final date to take first step in dispositive motion practice:** *(Parties are directed to consult the District Judge's Individual Rules regarding such motion practice. Presumptively 30 days post completion of all discovery)* | |
| **Do the parties wish to be referred to the EDNY's mediation program pursuant to Local Rule 83.8?** | |

# Eastern District of New York
## Alternative Dispute Resolution Program

Robyn Weinstein, ADR Administrator
t. 718.613.2578
c. 917.796.6244
Robyn_Weinstein@nyed.uscourts.gov

Rita Credle, Arbitration Clerk
t. 718.613.2325
Rita.Credle@nyed.uscourts.gov

## ADR at the EDNY

The Eastern District ADR office offers court annexed mediation and arbitration services to litigants. ADR services are administered by Robyn Weinstein, the ADR Administrator here at the Eastern District.

## Mediation

Established in 1992, the mediation program at the Eastern District of New York consists of a panel of more than two hundred and fifty mediators with varying specialties and areas of expertise. Cases are referred to mediation by judges or by party request at any time before the disposition of the case.

Mediation is a confidential process in which parties and counsel meet with a neutral third party who is trained in settling disputes. Mediation provides an opportunity to explore a wide range of potential solutions and to address interests that may be outside the scope of the stated controversy or which could not be addressed by judicial action. If a settlement is not reached during the mediation session, parties may proceed to trial with all appellate rights preserved.

Mediators obtained through the court annexed mediation program offer their services at a reduced rate of $600.00 for the first four hours, and $250.00 per hour for each hour thereafter. Mediators do not charge for any time spent in preparation of the mediation session.

**Court annexed mediation at the EDNY is governed by Local Civil Rule 83.8.**

## Hurricane Sandy Mediation Panel

The Court also established a Hurricane Sandy Mediation program, as a means to resolve the litigation surrounding insurance claims filed by those affected by the super storm.

The EDNY maintains a list of neutrals who are trained and qualified to assist parties in resolving matters related to damage caused by Hurricane Sandy.

## Representation in Mediation

The EDNY has a long standing tradition of providing pro bono legal assistance to pro se litigants. The EDNY ADR Program administers a representation in mediation program which provides pro se litigants with claims of employment discrimination an opportunity to obtain counsel for the limited purpose of mediation. In these cases, EDNY mediators who mediate these claims serve pro bono.

## Arbitration

The EDNY arbitration program was established in 1986 and is one of ten districts with a mandatory Court-Annexed Arbitration program.

At the EDNY a case is automatically referred to arbitration where money damages do not exceed $150,000. There is an exception to the mandatory referral for cases involving social security, tax matters, prisoners' civil rights and any action based on an alleged violation of a right secured by the Constitution of the United States or if jurisdiction is based in whole or in part on Title 28, U.S.C. § 1343.

Arbitration is a process where a neutral third-party arbitrator will adjudicate the dispute in an expedited manner. Arbitrations are heard by one qualified arbitrator, unless one or more parties request a panel of three. The arbitration hearings usually take place within six months of the filing of the answer, and the Federal Rules of Evidence serve as guidelines but are not rigidly enforced. At the conclusion of the arbitration hearing the arbitrator will issue an award in favor one party, which will be binding, unless one of the parties requests a trial de novo.

**Court Annexed Arbitration at the EDNY is governed by Local Civil rule 83.7**

*For more information about the EDNY ADR Program visit https://www.nyed.uscourts.gov/alternative-dispute-resolution*

INDIVIDUAL PRACTICE RULES OF
MAGISTRATE JUDGE STEVEN L. TISCIONE

Effective May 7, 2018

United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
Courtroom N504 – North Wing
Chambers N505 – North Wing

**Telephone: (718) 613-2190
Fax: (718) 613-2195
Judicial Assistant: Lea Vasquez
Law Clerk: Louis Balocca, Lidiya Mishchenko**

## I. Administrative Matters

**A. Written Communications - ECF**

1. The Electronic Communications Filing ("ECF") system is the primary means of communication with the Court.   All documents directed to Magistrate Judge Tiscione in civil actions MUST be filed electronically, except as stated below or otherwise directed by the Court.   Courtesy copies need not be provided to the Court except as noted herein. The Eastern District's User Guide for electronic case filing is available at https://www.nyed.uscourts.gov/forms/cmecf-user-manual.   This manual also contains contact information for questions regarding ECF.   **Parties are advised not to contact Chambers with questions regarding ECF registration, filing or other technical issues.**

2. Attorneys must file a Notice of Appearance and register to receive ECF notifications prior to filing any documents, and prior to making a personal appearance before the Court.   Because all orders issued by the Court will be transmitted to counsel only electronically, attorneys are responsible for keeping their ECF registration current with the Clerk's Office.

3. If relief is sought from the Court, an application must be filed electronically.   The application may be in the form of a letter but must be filed using the "Motion" event.

1

### B. Telephone Calls and Case Related Inquiries

Telephone calls to chambers are permitted, but should be reserved primarily for situations requiring immediate attention in cases assigned or referred to Magistrate Judge Tiscione. For case related inquiries, counsel may call chambers at (718) 613-2190 between 9:00 a.m. and 5:00 p.m.   However, before calling on **any** matter, counsel should review the docket sheet for the case and be familiar with the proceedings to date.   Calls regarding new arrests, bail issues, arraignments and other matters handled by the Magistrate Judge on criminal duty should be directed to the Magistrate Clericals at (718) 613-2620. **Adjournment requests are not to be made telephonically.**

### C. Faxes

Faxes are not permitted to be sent to chambers without the prior permission of the Court. In the event permission is granted, faxes shall not exceed three pages, excluding cover page, unless permission for a greater number of pages is granted.

### D. Requests for Adjournments or Extensions of Time

All requests for adjournments of conferences or extensions of time must be electronically filed, as motions, no later than 48 hours in advance of the conference date (or 3:00 p.m. the previous Thursday if the conference is scheduled for the following Monday or 3:00 p.m. the previous Friday if the conference is scheduled for the following Tuesday), on consent of all parties (**merely copying the adversary on the request is insufficient**), and state the following:

1) the original date of the conference and/or deadline;
2) the number of previous requests for adjournment or extension, and whether these previous requests were granted or denied;
3) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent;
4) the reason for the adjournment request;
5) a *suggested* adjournment date;
6) if the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling order must be attached.

**COUNSEL MAY NOT SEEK ADJOURNMENTS BY TELEPHONE.**

**E. *Pro Se* Litigants**

> Litigants proceeding *pro se* are exempt from ECF requirements. (Parties represented by counsel, however, must file documents electronically, even in *pro se* cases. Counsel must also provide copies of any electronically filed documents to *pro se* litigants). *Pro se* litigants are directed to make any filings via hand delivery or U.S. mail to the designated "*Pro Se* clerk" in the Clerk's office, to the attention of Magistrate Judge Tiscione and the appropriate District Judge, *and* by delivering a copy to the attorney for the opposing party. Court orders will be provided to *pro se* litigants by U.S. mail at the current address listed on the docket sheet. *Pro se* litigants must keep current contact information on file with the Court, or risk dismissal of claims or other sanctions. All *pro se* litigants and represented parties opposing *pro se* litigants are directed to the relevant Local Civil Rules, including 12.1, 33.2, and 56.2.

## II. Discovery and Settlement

Rule 1 of the Federal Rules of Civil Procedure requires that disputes be resolved in a manner that is "just, speedy and inexpensive." As such, the Court has an obligation to vigorously explore efforts to reduce litigation costs through settlement. *See In re Tobacco Litig.,* 192 F.R.D. 90, 95 (E.D.N.Y. 2000) (describing the Court's "duty to take affirmative action assisting the parties in all possible settlement options"); *In re BitTorrent*, 2012 WL 1570765 (E.D.N.Y. 2012) (same). The financial and incidental costs, risks, delays, distraction and anguish associated with litigation often makes settlement a preferable choice for litigants. Even for those cases that cannot be resolved through settlement, early consideration of settlement can allow the parties to better understand the factual and legal nature of their dispute and streamline the issues to be litigated. Therefore, counsel and *pro se* parties should be prepared and authorized to discuss settlement at every court appearance.

**A. Initial Conference and Scheduling Orders**

> <u>Rule 26(f) requires that the parties meet and confer prior to the Initial Conference, and to prepare a proposed discovery plan</u>. For cases where all parties are represented by counsel, **UNLESS OTHERWISE DIRECTED**, the Worksheet must be completed and submitted to the Court. For cases where one or more parties are appearing pro se, the Court will work with the parties to complete the Worksheet during the initial conference. To assist the parties, the Court attaches a "Discovery Plan Worksheet" to the Initial Conference Order. The Worksheet must be completed and submitted to the Court via

3

ECF at least two days prior to the Initial Conference.   The Worksheet provides a final date, set by the Court, for completion of discovery.   The parties are encouraged to establish interim deadlines that realistically meet the needs of this specific case, and may also include additional deadlines, if appropriate.   The parties should discuss their discovery needs thoroughly and realistically in advance of the Initial Conference so that the Court may adopt a realistic schedule in conjunction with the assigned District Judge's Rules.   <u>Once a Scheduling Order has been entered with the parties' input, the discovery deadlines will be enforced and amended only upon a showing of good cause</u>.   The Scheduling Order issued by the Court will set additional dates as appropriate.

Because most civil cases are referred to Magistrate Judge Tiscione for the purposes of supervision of discovery and exploring potential resolution, discovery will be structured so as to facilitate reasoned consideration of settlement at the earliest possible juncture:

**Phase I Discovery** consists of the information that parties believe needs to be exchanged before a reasoned settlement discussion can take place.   In some cases this may consist of nothing more than initial disclosures; in other cases, more extensive exchanges of information may be required.   This phase of discovery should be carefully tailored to avoid expense and delay and with the recognition that parties may have to consider resolution with incomplete information.   This phase of discovery will presumptively require no more than 60 days.

The parties are required to determine what Phase I discovery, if any, is required before meaningful, reasoned settlement discussions may be held.   Each party must itemize Phase I discovery items on the attached worksheet and submit it prior to the Initial Conference.

**Phase II Discovery** represents the balance of discovery required to prepare for mediation and/or trial.   This phase of discovery will only be undertaken if the parties are unable to reach an agreement at the settlement conference.

In addition, the parties should reach an agreement relating to whether there will be production of electronically-stored information ("ESI"), and if so, the procedures to be used and the form(s) and procedures in and by which such discovery is to be produced. *See* Fed. R. Civ. P. 26(f)(3)(C).

### B. Settlement Conference

**1. Pre-Conference Exchange of a Demand and an Offer.**   A settlement conference is more likely to be productive if, before the conference, the parties exchange written settlement proposals.   Accordingly, at least fourteen (14) days prior to the settlement conference, plaintiff's counsel shall submit a written itemization of damages and settlement demand to defendant's counsel with a brief explanation of why such a settlement is appropriate.   No later than seven (7) days prior to the settlement conference, defendant's counsel shall submit a written offer to plaintiff's counsel with a brief explanation of why such a settlement is appropriate.

**2. Settlement Statements.**   At least three days before the settlement conference, each party shall file a 1-3 page settlement position statement *ex parte* via ECF (for instructions on how to file documents *ex parte* please consult the Eastern District's User Guide for electronic case filing available on the EDNY website or contact 718-613-2610).   These statements must specify the terms on which the party is willing to settle the case, whether those terms are negotiable, and an explanation of that position.   It must have attached to it the party's communicated demand or offer, as prescribed in paragraph II.B.1 above, but no other additional exhibits.   As these *ex parte* statements will be treated as confidential and will not be publicly docketed, they should include a realistic statement of the party's settlement position.

**3. Attendance of Parties Strongly Encouraged.   Parties with full and complete settlement authority are required to personally attend the conference UNLESS OTHERWISE DIRECTED.**   An insured party shall appear with a representative of the insurer(s) authorized to negotiate, and who has *full authority to settle the matter*.   In the case of a Government or municipal entity requiring the approval of a body, such as a board, legislature or agency, the individual attending the conference must be *fully authorized* to approve and submit a recommendation to that governing body or to contact in real time the person authorized to make such a recommendation.

Because the Court generally sets aside significant time for each conference, it is difficult for a party who is not present to appreciate the process and the reasons which may justify a change in one's perspective towards settlement.   In that regard, and because the Court and the parties invest significant resources in these conferences, all efforts should be

made to ensure the personal attendance of the parties. In any case where personal attendance by a party would impose an undue hardship or result in a significant delay in the scheduling of a settlement conference, counsel may make an application for the absent party and/or representative with full settlement authority **must** be available by telephone for the duration of the conference. However, the Court will use its discretion in granting applications of this nature and may ultimately rule that that a personal appearance is necessary.

**4. Statements Inadmissible.** The Court expects the parties to address each other with courtesy and respect. Parties are encouraged to be frank and open in their discussions. Consistent with the Federal Rules, statements made by any party during the settlement conference are generally inadmissible at trial.[1]

## III. Motions

### A. Discovery or Other Non-Dispositive Motions

Litigants shall make discovery or other non-dispositive motions by letter motion, pursuant to Local Civil Rules 37.3, which shall be filed electronically as a "MOTION." Such letter motions may not exceed three pages in length, exclusive of attachments. A response not exceeding three pages in length, exclusive of attachments, must be served and filed within five business days of receipt of the letter motion. Replies are not permitted on letter motions. Parties must make a good faith effort, pursuant to Local Civil Rule 26.4 and FRCP 37(a)(1), to resolve disputes, including discussion either by telephone or in person, **before** making a motion. Failure to comply with this requirement, or to include a certification of such efforts consistent with FRCP 37(a)(1), will result in the denial of the motion. Courtesy copies of letter motions need not be supplied.

### B. Dispositive Motions

---

[1] Of course, though statements made during negotiations are inadmissible at the trial of that matter, litigants and counsel are required to act honestly in their dealings with the Court and each other during this process. *See* 18 U.S.C. § 1001; ABA Model Rules of Professional Conduct, Rule 41.

Dispositive motions, such as motions to dismiss and motions for summary judgment, must be made to the presiding district court judge, in conformance with his or her individual rules, unless the parties have consented to Magistrate Judge Tiscione's jurisdiction for all purposes in accordance with 28 U.S.C.§ 636 (c)(1).

Where the parties have so consented, the following rules apply to dispositive motions:

1. **Pre-Motion Conferences:** In all cases where the parties are represented by counsel, a pre-motion conference is required before making any dispositive motion. The parties may request such a conference by way of an electronically filed letter motion seeking a court conference. Letters requesting pre-motion conferences shall state, in brief, the grounds for the motion, shall not exceed two pages, and shall not include affidavits or exhibits. All parties served with a pre-motion letter shall serve and file a letter response, not to exceed two pages, within seven days from service of the pre-motion conference letter. At the conference, the parties shall present to the Court a proposed briefing schedule for approval. Once established, no revisions to the schedule will be made without the Court's approval.

2. **Memoranda of Law:** Memoranda of law in support of and in opposition to motions on notice are limited to 25 pages, and reply memoranda are limited to 10 pages. Case citations must contain pinpoint cites. All memoranda of law must use reasonable margins, double spacing, and a reasonable font. Legal arguments must be set forth in a memorandum of law rather than in affidavits, affirmations, or declarations. *See* Local Civil Rule 7.1. Any papers not complying with these requirements will be rejected. Citations to the docket should be made at the end of the sentence with "Docket Entry ("DE") [docket number]." Thereafter, any further citations to docket may be made with a short-cite at the end of the sentence with "DE [docket number]."

3. **The "Bundling" Rule:** No motion papers may be filed until the motion has been fully briefed. The initial movant is responsible for filing all of the motion and cross-motion papers on the date the reply brief is scheduled to be filed or the return date in the approved briefing schedule, whichever is later.

4. **Courtesy Copies:** After electronic filing, the initial movant shall provide to the Court one hard copy of all motion and cross-motion papers, marked as "Courtesy Copy."

>Courtesy copies of dispositive motions made to the district judge should not be provided to Magistrate Judge Tiscione.

>**C. Oral Arguments on Motions**
>Requests for oral argument must be made at the time the motion is submitted for decision. The Court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

>**D. Citations to the Record.**

Parties should cite to the record – including to specific transcript pages – in summary judgment motions, and any motions predicated on evidence adduced at a hearing or trial (*e.g.*, preliminary injunction applications, motion for new trial, motion for judgment as a matter of law, etc.). **Failure to provide citations to the record constitutes grounds for denial.** *Anderson v. Aparicio*, No. CV 90-1913 GRB, 2014 WL 2619062, at *6 (E.D.N.Y. June 12, 2014) ("Where a party attempts to meet the heavy burden of overturning a jury verdict based upon the weight of the evidence, the failure to present the Court with record evidence to substantiate its claims—standing alone—provides sufficient basis to deny the motion").

>**E. Motions Pursuant to Fed. R. App. P. 4(a)(4)(A)**

Nothing in these individual rules should be construed to require a pre-motion conference for motions pursuant to Federal Rule of Appellate Procedure 4(a)(4)(A), and such motions should be filed when made without respect to the above-described "bundling" rule.

## IV. Pretrial Procedures

**A. Pretrial Orders in Cases to be Tried by District Judges.** The parties must submit a proposed joint pretrial order in the format prescribed by the district court judge on or before the date prescribed in the Scheduling Order.

**B. Cases before Magistrate Judge Tiscione for All Purposes**

>**Joint Pretrial Orders**. On the date specified in the scheduling order, the parties shall submit a proposed joint pretrial order that includes the following:

8

1. A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount;

2. A brief summary by each party of the claims and defenses it has asserted and which remain to be tried, without recital of evidentiary matter, but including citations to all statutes on which the party is relying;

3. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed;

4. Any stipulations or statement of facts that have been agreed to by all parties;

5. A list by each party of the fact and expert witnesses whose testimony is to be offered in its case in chief, indicating whether such witnesses will testify in person or by deposition. Only listed witnesses will be permitted to testify, except for good cause shown;

6. A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party; and,

7. A list of exhibits to be offered in evidence and, if not admitted by stipulation, the party or parties who will be offering them. Where possible, the schedule must also include potential impeachment documents and/or exhibits, as well as exhibits that will be offered only on rebuttal. The parties must list and briefly describe the basis for any objections that they have to the admissibility of any exhibits to be offered by any other party. Parties are expected to resolve before trial all issues of authenticity, best evidence, chain of custody, and related grounds. Only the exhibits listed will be received in evidence in the party's case in chief except for good cause shown. All exhibits must be pre-marked for the trial, placed in binders with tabs identifying the exhibit, and exchanged with the other parties and delivered to the Court at least ten days before trial.

**Filings Prior to Trial.** Unless otherwise ordered by the Court, each party shall electronically file the following items fifteen (15) days prior to the commencement date of trial:

1. Proposed, Non-Standard Voir Dire Questions;

2. Requests to Charge, which should be limited to the elements of the claims, the damages sought and defenses. General instructions will be prepared by the Court. Proposed jury charges must also be submitted via electronic media in Microsoft Word

format;

3. Motions *in Limine*: All motions addressing any evidentiary or other issues that should be resolved *in limine*. Any opposition should be filed seven (7) days prior to jury selection. Any reply should be made in the same manner three (3) days prior to jury selection.

4. For non-jury trials, a trial brief/memorandum of law providing a concise overview of the facts to be presented at trial and an analysis of disputed legal issues.

## **V. Sealing**

Parties wishing to seal documents must first obtain court permission by filing a motion for leave to file a sealed document. For instructions on how to file documents under seal please consult the Eastern District's User Guide for electronic case filing available on the EDNY website or contact 718-613-2610. Please note that the Court **cannot** retroactively seal a publicly filed document, even if the public filing was erroneous. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 & n.11 (2d Cir. 2004) (holding that courts "simply do not have the power, even were we of the mind to use it if we had, to make what has thus become public private again," even if that document contains "the secret to making the hydrogen bomb").

## **VI. Construction**

These individual practice rules shall not curtail or otherwise limit Magistrate Judge Tiscione's discretion over all matters relating to cases over which he presides, or confer any substantive rights upon any party. In addition, these rules shall not be construed to limit the authority of any judicial officer assigned to a particular case.