UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

DAVID ARKORFUL,

                                 Plaintiff,

        - against -

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                 Defendant.
-------------------------------------------------------------------- x

**DEFENDANT'S ANSWER TO THE COMPLAINT**

18 Civ. 3455 (NG)(SLT)

        Defendant New York City Department of Education ("DOE"), by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for its answer to the Complaint, respectfully allege as follows:

        1.    Denies the allegations set forth in paragraph "1" of the Complaint, except admits that Plaintiff purports to proceed as set forth therein.

        2.    Denies the allegations set forth in paragraph "2" of the Complaint, except admits that Plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

        3.    Denies the allegations set forth in paragraph "3" of the Complaint, except admits that Plaintiff purports to state the basis for venue in this Court as set forth therein.

        4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint.

        5.    Denies the allegations set forth in paragraph "5" of the Complaint, except admits that the DOE received a Notice of Claim.

        6.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6," except admits that Plaintiff self identifies as an "African/American," "born in Ghana."

- 2 -

7. Denies the allegations set forth in paragraph "7," of the Complaint, except admits that the DOE is a school board duly organized and existing under the laws of the State of New York with offices at 52 Chambers Street, New York, N.Y., and respectfully refer the Court to the New York Education Law and Chapter 20 of the New York City Charter, for a statement of the powers and duties of the DOE, and admits that Plaintiff works in the Division of Instructional and Information Technology office in Kings County, New York.

8. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "8" of the Complaint.

9. Denies the allegations set forth in paragraph "9" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of allegations about Plaintiff's college degree, classes, seminars or certifications.

10. Admits the allegations set forth in paragraph "10" of the Complaint.

11. Denies the allegations set forth in paragraph "11" of the Complaint, except admits that Plaintiff is a Certified Wide Area Network Administrator, Level 4.

12. Denies the allegations set forth in paragraph "12" of the Complaint.

13. Denies the allegations set forth in paragraph "13" of the Complaint.

14. Denies the allegations set forth in paragraph "14" of the Complaint.

15. Denies the allegations set forth in paragraph "15" of the Complaint, except admits that Plaintiff requested, and was approved, to take a leave of absence from May 22, 2014 to July 22, 2014.

16. Denies the allegations set forth in paragraph "16" of the Complaint.

17. Denies sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Denies the allegations set forth in paragraph "18" of the Complaint.

19. Denies the allegations set forth in paragraph "19" of the Complaint.

20. Denies the allegations set forth in paragraph "20" of the Complaint.

21. Denies the allegations set forth in paragraph "21" of the Complaint.

22. Denies the allegations set forth in paragraph "22" of the Complaint.

23. Denies the allegations set forth in paragraph "23" of the Complaint, except admits that organizational changes were announced on March 21, 2016.

24. Denies the allegations set forth in paragraph "24" of the Complaint.

25. Denies the allegations set forth in paragraph "25" of the Complaint.

26. Denies the allegations set forth in paragraph "26" of the Complaint, except admits that Plaintiff met with Tom Kambouras on March 17, 2016.

27. Denies the allegations set forth in paragraph "27" of the Complaint, except admits that Plaintiff filed a complaint with the Department of Human Resources of DOE on April 14, 2016, and refer to the complaint for the contents thereof.

28. Denies the allegations set forth in paragraph "28" of the Complaint.

29. Denies the allegations set forth in paragraph "29" of the Complaint.

30. Denies the allegations set forth in paragraph "30" of the Complaint.

31. Denies the allegations set forth in paragraph "31" of the Complaint.

32. Denies the allegations set forth in paragraph "32" of the Complaint, except admits Plaintiff requested, and was approved, to take a leave of absence from August 10, 2016 to December 10, 2016.

33. Denies the allegations set forth therein in paragraph "33" of the Complaint, except admits that Plaintiff returned to work on December 11, 2017.

34. Denies the allegations set forth in paragraph "34" of the Complaint.

35. Denies the allegations set forth in paragraph "35" of the Complaint.

36. Denies the allegations set forth in paragraph "36" of the Complaint.

37. Denies the allegations set forth in paragraph "37" of the Complaint.

38. In response to paragraph "38," of the Complaint, defendant repeats and realleges its responses to paragraphs "1," through "37," of the Complaint as if fully set forth here.

39. Denies the allegations set forth in paragraph "39" of the Complaint.

40. In response to paragraph "40," of the Complaint, defendant repeats and realleges its responses to paragraphs "1," through "39," of the Complaint as if fully set forth here.

41. Denies the allegations set forth in paragraph "41" of the Complaint.

42. In response to paragraph "42," of the Complaint, defendant repeats and realleges its responses to paragraphs "1," through "41," of the Complaint as if fully set forth here.

43. Denies the allegations set forth in paragraph "43" of the Complaint.

**AS AND FOR A FIRST DEFENSE, DEFENDANT RESPECTFULLY ALLEGES:**

44. The Complaint fails to state a claim upon which relief can be granted in whole or in part.

**AS AND FOR A SECOND DEFENSE, DEFENDANT RESPECTFULLY ALLEGES:**

45. Plaintiff's federal non-constitutional claims are barred to the extent he failed to file an EEOC charge within 300 days of the alleged discriminatory actions.

**AS AND FOR A THIRD DEFENSE, DEFENDANT RESPECTFULLY ALLEGES:**

46. Defendant had legitimate, non-discriminatory, non-retaliatory business reasons for taking all of the employment acts complained of herein.

**AS AND FOR A FOURTH DEFENSE, DEFENDANT RESPECTFULLY ALLEGES:**

47. Any ADA claims set forth in the Complaint which were not also contained in Plaintiff's charge of discrimination filed with the EEOC must be dismissed for failure to exhaust administrative remedies.

**AS AND FOR A FIFTH DEFENSE, DEFENDANT RESPECTFULLY ALLEGES:**

48. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

**AS AND FOR AN SIXTH DEFENSE, DEFENDANT RESPECTFULLY ALLEGES:**

49. Plaintiff's city and state law claims fail to state a cause of action since Plaintiff has failed to comply with notice of claim requirements.

**AS AND FOR A SEVENTH DEFENSE, DEFENDANT RESPECTFULLY ALLEGES:**

50. The conduct complained of may consist of nothing more than what a reasonable person would consider petty slights and trivial inconveniences, and thus Plaintiff's claims under the New York City Human Rights Law must be dismissed.

**WHEREFORE**, Defendant respectfully requests that this Court enter an order dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems to be just and proper.

Dated:   New York, New York
         September 13, 2018

                **ZACHARY W. CARTER**
                Corporation Counsel of the
                  City of New York
                Attorney for Defendant
                100 Church Street, Room 2-314
                New York, New York 10007
                (212) 356-2436
                asisnett@law.nyc.gov

                By:        /s/
                      Alana D. Sisnett
                      Assistant Corporation Counsel

TO:   Noah A. Kinigstein (via ECF)
       Attorney for Plaintiff
       315 Broadway, Suite 200
       New York, NY 10007

18 Civ. 3455 (NG)(SLT)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DAVID ARKORFUL,

                                      Plaintiff,

- against -

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                   Defendant.

**ANSWER TO THE COMPLAINT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
    *Attorney for Defendant*
    *100 Church Street, Room 2-314*
    *New York, New York 10007*

    *Of Counsel:  Alana D. Sisnett*
    *Tel.:  (212) 356-2436*
    *Matter No.: 2018-049017*

*Due and timely service is hereby admitted.*

*New York, N.Y.............................................. , 2018*

*......................................................................... Esq.*

*Attorney for ..............................................................*